(Pleito No. 6.—Fallado el 1º de Diciembre de 1899.)

## Manzano contra Rosa.

Recurso interpuesto contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—Competencia.   De las apelaciones elevadas á una Corte de Distrito contra sentencias dictadas por los Juzgados de 1a. Instancia no debe conocer en casación el Tribunal Supremo·si el asunto es de menor cuantía.
2.—Sobre el mismo punto.   La sumisión tácita de las partes no otorgará jurisdicción á los Jueces ó Tribunales, á no ser que éstos tengan jurisdicción para conocer de la misma.clase de negocios y en el mismo grado.
3.—Término durante el cual un recurso debe prepararse.   Un recurso de casación preparado fuera del término que señala el artículo 1698· del Código Civil y Sección 81 de la Orden General No. 118, no será admitido.
4.—Sobre el mismo punto.—Dicho término empieza á contarse desde el día siguiente al en que se·hizo la notificación.  Ningún término podrá contarse por horas.
5.—Inadmisibilidad de un recurso.   Un recurso en que no se cita el párrafo del artículo 1690 del Código Civil, dentro del cual se halla comprendido, según lo requiere el artículo 1,718, no será admitido.

### SENTENCIA.

En la Ciudad dé San Juan Bautista de Puerto Rico, á primero de Diciembre de mil ochocientos noventa y nueve, en el pleito seguido en el Juzgado de 1ª Instancia de Aguadilla y en el Tribunal de este Distrito por Don Marcos Antonio Manzano y Soto, Médico titular, con Don Antonio Rosa, propietario, ambos vecinos del pueblo de Isabela, sobre pago· de pesos, pendiente ante Nos en virtud de recurso de casación por infracción de Ley, interpuesto por el demandante, representado y dirigido por el Lcdo. Don Juan Hernández López, habiéndolo estado el demandado y recurrido por el Lcdo. Don Manuel F. Rossy.—Resultando: Que el Juez municipal de Isabela, en causa que instruyó en averiguación de lesiones inferidas á Victorio Rosa, encargó de su asistencia y sanidad al Médico titular Don Marcos Antonio

Manzano y Soto, quien terminada la curación, y afirmando que Don Antonio Rosa, padre del lesionado, había requerido sus servicios profesionales con promesa de pago y ruego de que éstos fueran extraordinarios y esmerados, le demandó por sus honorarios, ascendentes á doscientos veinte y cinco pesos, en juicio de menor cuantía que, seguido por todos sus trámites, se falló en veinte y cinco de Abril último por el extinguido Juzgado de 1ª Instancia de Aguadilla, absolviendo de la demanda al demandado sin hacer especial condenación de costas, bajo el fundamento del artículo 465 de la Ley de Enjuiciamiento Criminal, toda vez que el demandante era Médico titular, con sueldo asignado por el Municipio, y por tal razón no podía reclamar honorarios é indemnizaciones; cuya sentencia la confirmó por sus fundamentos el Tribunal del Distrito de San Juan, en veinte y cinco de Septiembre del año corriente.—Resultando : Que notificada dicha sentencia al representante del actor en veinte y seis del citado mes, presentó escrito anunciando este recurso de casación en nueve de Octubre siguiente, el cual se tuvo por anunciado.—Resultando : Que emplazadas las partes, el representante del recurrente lo interpuso ante este Tribunal Supremo fundándolo en el artículo 465 de la Ley de Enjuiciamiento Criminal, cuya interpretación, dice, está mal dada en la sentencia del Tribunal de San Juan.—Visto, siendo Ponente el Juez asociado Don José Mª Figueras Chiqués.—Considerando : Que según la Circular número 10 de ocho de Septiembre último aclaratoria del párrafo 15 de la Orden General número 118, serie corriente, de las apelaciones pendientes contra sentencias dictadas por los extinguidos Juzgados de 1ª Instancia, debe conocer en casación el Tribunal Supremo de Justicia, si la cuantía de lo discutido excediese de cuatrocientos dollars.—Considerando : Que del espíritu y letra de esa aclaración, racional y lógicamente se deduce que cuando la cuantía de lo discutido se limita a doscientos veinte y cinco pesos provinciales, como en el presente caso, no es posible que tenga competencia este Tribunal para

conocer del asunto en casación, porque además de que en este juicio de menor cuantía se agotaron todas las instancias á él correspondientes, sería de otro modo, hacerle de mejor condición que los que se tramitan hoy ante los Tribunales municipales, contra cuyas sentencias sólo cabe el recurso de apelación para ante la Corte de Distrito, según la disposición 39 de la Orden General citada, á pesar de poder llegar en su cuantía á cuatrocientos pesos, oro americano.—Considerando: Que no puede tener valor legal la insinuación que pudiera hacerse de la sumisión tácita de las partes, porque ésta sólo puede hacerse con fruto á Juez ó Tribunal que tenga jurisdicción para conocer de la misma clase de negocios y en el mismo grado, según el artículo 56 de la Ley de Enjuiciamiento Civil.—Considerando, además: Que el recurso de casación se preparó fuera del término que señala el artículo 1,698 de la citada Ley y 81 de la Orden General, porque los términos judiciales se cuentan por días naturales, comienzan á correr desde el día siguiente al en que se hubiese hecho la notificación y en este supuesto y aún teniendo en cuenta la carencia de oficina en el medio día del Sábado, siempre resulta que venció el de diez días cuando se preparó el recurso que fué el nueve de Octubre, pues por ninguna disposición se ha dispuesto que los términos se cuenten por horas, resolución que por otra parte sería atentatoria al orden y seriedad de los procedimientos, si habían de cumplirse los términos judiciales con el rigorismo que exige la Ley; y por tales razones son de aplicación los artículos 1,723 y 1,727 de la Ley de Enjuiciamiento Civil para no admitir el recurso. —Considerando, por último: Que en el escrito interponiéndolo ni se ha expresado el párrafo del artículo 1,690 en que se halle comprendido ni el concepto en que la Ley haya sido infringida, exigencias todas del artículo 1,718 que se han omitido y que también determinan su inadmisión.—Fallamos: Que debemos declarar y declaramos que no ha lugar al recurso de casación por infracción de Ley interpuesto por Don Marcos Antonio Manzano y Soto, á quien condenamos

en las costas, y líbrese al Tribunal del Distrito de San Juan la certificación correspondiente con devolución de los autos. —Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M. Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico, á primero de Diciembre de mil ochocientos noventa y nueve.—E. de J. López Gaztambide.